# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ELIZABETH DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: _____ |
| ) | |
| HOMETOWN STUDIOS, LLC, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332 and 1441(b), Defendant HOMETOWNE STUDIOS, LLC (hereinafter referred to as "Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Circuit Court of Jackson County, Missouri, to the United States District Court, Western District of Missouri. The removal is based, specifically, on the following grounds:

## PLEADINGS, PROCESS, AND ORDERS

1. On October 15, 2020, Plaintiff Elizabeth Dunn (hereinafter referred to as "Plaintiff") commenced the above-entitled civil action in the Circuit Court of Jackson County, Missouri by filing a Petition therein entitled *Elizabeth Dunn v. Hometown Studios, LLC*, Case No. 2016-CV21118. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as State Court Records:

    a. Petition

    b. Designation of Lead Attorney

    c. Summons to Hometown Studios, LLC

    d. Motion & Order for Private Process Server

    e. Notice of 2/2/21 Case Management Conference

2. The Summons and Petition were served upon Defendant Hometown Studios, LLC on November 9, 2020.

3. Defendant has not filed an answer to Plaintiff's Petition.

4. The attached exhibits constitute all process, pleadings, and orders served upon Defendant Hometown Studio, LLC's in this matter.

## DIVERSITY

### Citizenship

5. Removal is proper under 28 U.S.C. § 1332, because the parties' citizenship is diverse and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* Petition.

6. Upon information and belief, Plaintiff Elizabeth Dunn was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of Missouri.

7. Defendant Hometowne Studios, LLC is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827 (8th Cir. 2004). Hometowne Studios, LLC is a limited liability company with its only member being Red Roof Franchising, LLC. Red Roof Franchising, LLC is a Delaware limited liability company and is organized in Delaware with its principal place of business in Ohio. Accordingly, Hometowne Studios, LLC is a citizen of the States of Delaware and Ohio. Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

8. Plaintiffs Petition sets forth a cause of action for negligence and premises liability. *See* Petition.

9. Plaintiff alleges that on or about July 5, 2019, Plaintiff Elizabeth Dunn was injured when she was walking through the hotel parking lot. Plaintiff further alleges that she sustained significant injuries to her right knee, right ankle, right leg, and right arm. *See* Petition ¶ 8. As a result of the damage, Plaintiff alleges that she has suffered substantial damages in an unspecified amount. *See* Petition.

10. The amount in controversy is determined from the allegations in the petition. 28 U.S.C. § 1446(c)(2); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.* (1938) 303 U.S. 283, 289.

11. As noted above, here, Plaintiff alleges that she have suffered a considerable amount in damages. *See* Petition. Plaintiff alleges past, present and future medical expenses. *See,* Petition ¶ 22. These allegations are sufficient to show that her claims for damages are greater than the amount in controversy requirement. Accordingly, this Court's jurisdiction is properly invoked. *See Quinn v. Kimble, 228 F. Supp. 2d 1038, 1040-41 (E.D. Mo. 2002)* (denying motion to remand because plaintiff alleges he suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses); *McLauchin v. Sight*, 2016 U.S. Dist. LEXIS 99983 at *2 (W.D. Mo. 2016) (quoting *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005)) (stating the removing party does not need to "prove that 'the damages *are* greater than the requisite amount,' but that 'the claims . . . could, that is might, legally satisfy the amount in controversy requirement'"). Thus, the amount in controversy here exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper. Removal is effected without waiving any defenses.

## VENUE OF REMOVAL

12. The Circuit Court of Jackson County, Missouri is located in the United States District Court for the Western District of Missouri, Western Division. 28 U.S.C. § 105(b)(3). This Court is part of the district and division in which the action was filed – Jackson County, Missouri. Thus,

venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

13. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff's Petition, which indicated that the matter is removable. 28 U.S.C. § 1446(b)(1). Further, the instant removal is within one year of the commencement of the underlying action as required by 28 U.S.C. § 1446(c)(1). As noted, Plaintiff commenced this action on October 16, 2020.

14. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. Sections 1332 and 1441(b).

15. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served upon all adverse parties and will be filed promptly in the State Court Action.

16. Pursuant to 28 U.S.C. § 1446(a), Defendant is filing contemporaneously herewith a current docket sheet from the State Court Action and a copy of all the pleadings and papers filed with the state court.

17. As of the date of this notice of removal, no other proceedings have been set in the State Court Action.

**WHEREFORE**, Defendant Hometowne Studios, LLC removes this action from the Circuit Court for Jackson County, Missouri to the United States Western District of Missouri.

BY: */s/ John F. Cooney*
**John F. Cooney**, #32522
LEWIS BRISBOIS BISGAARD & SMITH LLP
Mark Twain Plaza II
103 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
Phone: 314.884-5006
Facsimile: 618.692.6099
john.cooney@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT
HOMETOWNE STUDIOS, LLC**

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record:

**Anne M. Marchael**
**Peter E. Goss**
The Goss Law Firm
1501 Westport Road
Kansas City, Missouri 64111
amarchael@thegosslawfirm.com
pgoss@goss-lawfirm.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ John F. Cooney*

4822-2192-3025.1                                     5

Case 4:20-cv-00912-FJG   Document 1   Filed 11/13/20   Page 5 of 5