IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE, MISSOURI

| | |
|---|---|
| ELIZABETH DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | Division: |
| ) | |
| HOMETOWN STUDIOS, LLC, ) | |
| Serve: 221 Bolivar St. ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

Plaintiff, Elizabeth Dunn, states as follows for her Petition for Damages against Defendant, Hometown Studios, LLC:

## PARTIES

1. Plaintiff, Elizabeth Dunn, is an individual, over the age of eighteen, residing in Independence, Jackson County, Missouri.

2. Defendant, Hometowne Studios, LLC (hereinafter "Hometowne"), is a corporation, duly organized and existing by virtue of Missouri law and may be served at the aforementioned address.

## JURISDICTION AND VENUE

3. This case involves personal injuries which occurred in a fall that occurred on July 5, 2019, at 14800 East 42nd Street S, Independence, Missouri.

4. Jurisdiction is proper because Defendants committed tortious acts within the State of Missouri.

Electronically Filed - Jackson - Independence - October 15, 2020 - 04:07 PM

5. Venue is proper pursuant to Section 508.010.4, RSMo, in that Plaintiff was first injured in Jackson County, Missouri.

## FACTS COMMON TO ALL COUNTS

6. On July 5, 2019, Plaintiff Elizabeth Dunn was walking on pavement outside of the property located at 14800 East 42nd Street S., owned and operated by Defendant Hometowne.

7. Plaintiff Dunn slipped and fell on mud while walking on the Defendant's property.

8. Plaintiff Dunn subsequently was transported by ambulance to the Emergency Room ("ER") at Centerpoint Medical Center where she was treated for significant injuries to her right knee, right ankle, and right leg as well as significant injuries to her right arm.

9. Defendant's agents and/or employees knew, or should have known, by ordinary care of the hazardous condition and should have taken affirmative steps to maintain the premises in a manner to protect renters, invitees, guests and visitors from harm.

10. As a result of the fall, Plaintiff Dunn sustained severe, disabling, and permanent injuries to her body.

## COUNT I: PREMISES LIABILITY

11. Plaintiff incorporates all foregoing paragraphs of this Petition for Damages, as though fully set forth herein.

12. On or about July 5, 2019, Plaintiff Dunn was on or around the premises at 14800 East 42nd Street S, Independence, Missouri.

13. It was foreseeable that invitees, guests and/or visitors would traverse the premises.

14. Defendant knew, or by ordinary care should have known, that mud had accumulated on the ground on the property.

Electronically Filed - Jackson - Independence - October 15, 2020 - 04:07 PM

15. Defendant knew, or should have known, that the property was hazardous and in an unsafe condition.

16. Defendant failed to take sufficient actions to clear the mud from the parking lot.

17. Defendant's agents and/or employees failed to adequately clear the mud and failed to take precautionary measures to prevent harm to others related to the mud on the premises.

18. The benefit of properly maintaining the parking lot was very high in that the prevention of injury to others is a benefit to individuals located on the premises.

19. The cost and convenience of this maintenance is quite low compared to the risk of injury.

20. As a direct and proximate result of Defendant's negligence, Plaintiff Dunn has suffered significant injuries and damages.

21. As a further direct and proximate result, Plaintiff Dunn received extensive medical care and treatment and has suffered pain, anxiety of the body and mind, and emotional distress.

22. As a result of these injuries, Plaintiff Dunn paid or became obligated, or will in the future pay or become obligated, for expenses for receiving medical care and treatment.

23. Finally, Plaintiff Dunn suffered a loss of enjoyment of life and endured great physical and emotional pain and suffering as a result of said injuries.

**WHEREFORE**, Plaintiff respectfully requests judgment in Count I of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

### COUNT II: NEGLIGENCE

24. Plaintiff incorporates all foregoing paragraphs of this Petition for Damages, as though fully set forth herein.

25. Defendant owed Plaintiff Dunn a duty of care including, but not limited to, keeping the premises, including the parking lot, safe for all invitees, guests and visitors.

26. Defendant breached their duty and failed to use the highest degree of care in numerous respects including, but not limited to, the following:

    a. Failing to keep a reasonably safe area that was used to traverse the premises;

    b. Failing to properly repair the premises;

    c. Additional acts of negligence that will come to light through discovery.

27. As a direct and proximate result of Defendant's negligence, Plaintiff Dunn has suffered significant injuries and damages.

28. As a further direct and proximate result, Plaintiff Dunn received extensive medical care and treatment and has suffered pain, anxiety of the body and mind and emotional distress.

29. As a result of these injuries, Plaintiff Dunn paid or became obligated, or will in the future pay or become obligated, for expenses for receiving medical care and treatment.

30. Finally, Plaintiff Dunn suffered a loss of enjoyment of life and endured great physical and emotional pain and suffering as a result of said injuries.

**WHEREFORE**, Plaintiff respectfully requests judgment in Count II of her Petition for Damages for such damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts in this matter.

Electronically Filed - Jackson - Independence - October 15, 2020 - 04:07 PM

Respectfully submitted,

**THE GOSS LAW FIRM, P.C.**

*/s/ Anne M. Marchael*
Anne M. Marchael    MO#65405
Peter E. Goss         MO#57933
1501 Westport Road
Kansas City, MO 64111
Phone: (816) 527-8658
Fax:    (816) 336-1310
E-mail: amarchael@thegosslawfirm.com
        pgoss@goss-lawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE, MISSOURI**

| | |
|---|---|
| ELIZABETH DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | Division: |
| ) | |
| HOMETOWN STUDIOS, LLC, ) | |
| Serve: 221 Bolivar St. ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

**DESIGNATION OF LEAD COUNSEL**

Attorney Anne M. Marchael hereby enters her appearance in this matter on behalf of Plaintiff and is hereby designated as lead counsel of record.

Respectfully submitted,

**THE GOSS LAW FIRM, P.C.**

*/s/ Anne M. Marchael*
Anne M. Marchael MO#65405
Peter E. Goss    MO#57933
1501 Westport Road
Kansas City, MO 64111
Phone: (816) 888-5000
Fax:    (816) 336-1310
E-mail: amarchael@thegosslawfirm.com
          pgoss@thegosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:** CORY LEE ATKINS | **Case Number:** 2016-CV21118 |
| **Plaintiff/Petitioner:** ELIZABETH DUNN | **Plaintiff's/Petitioner's Attorney/Address** Anne Marie Marchael<br>The Goss Law Firm, PC<br>1501 Westport Road<br>Kansas City, MO  64111 |
| vs. | |
| **Defendant/Respondent:** HOMETOWN STUDIOS LLC | **Court Address:** 308 W Kansas<br>INDEPENDENCE, MO  64050 |
| **Nature of Suit:** CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** HOMETOWN STUDIOS LLC
Alias:

**PRIVATE PROCESS SERVER**

221 BOLIVAR ST
JEFFERSON CITY, MO  65101



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

16-OCT-2020
Date                                                                                    Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____       _____
                                                    Date                                                                        Notary Public

**Sheriff's Fees**
Summons                              $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $   10.00
Mileage                                 $_____ ( _____ miles @ $._____ per mile)
**Total**                                   $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-9374   1 of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00912-FJG   Document 1-1   Filed 11/13/20   Page 7 of 13

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE, MISSOURI

| | |
|---|---|
| ELIZABETH DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) Division: |
| | ) |
| HOMETOWN STUDIOS, LLC, | ) |
| Serve: 221 Bolivar St. | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

### MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Jamie Andrews PPS20-0009 | Richard Davis PPS20-0029 | James Hannah PPS20-0047 |
| Sallie Bailey PPS20-0663 | Anthony Dice PPS20-0497 | Rufus Harmon PPS20-0048 |
| Caleb Battreal PPS20-0010 | David Dice PPS20-0030 | James Harvey PPS20-0049 |
| Bernard Beletsky PPS20-0011 | Maureen Dice PPS20-0031 | Natalie Hawks PPS20-0050 |
| Carrington Bell PPS20-0012 | Norman Diggs PPS20-0032 | Douglas Hays PPS20-0051 |
| Thomas Bogue PPS20-0013 | Edwina Ditmore PPS20-0033 | Stephen Heitz PPS20-0052 |
| Brent Bohnhoff PPS20-0014 | Marrissa Doan PPS20-0034 | Wendy Hilgenberg PPS20-0053 |
| Arthur Boyer PPS20-0015 | Paul Donovan PPS20-0618 | James Hise PPS20-0054 |
| Scott Brady PPS20-0016 | Shawn Edwards PPS20-0035 | Gerald Hissam PPS20-0055 |
| Gary Brakemeyer PPS20-0017 | Tonya Elkins PPS20-0036 | William Hockersmith PPS20-0056 |
| James Bromeier PPS20-0615 | William Ferrell PPS20-0037 | Alex Holland PPS20-0057 |
| Jeff Brown PPS20-0018 | Robert Finley PPS20-0335 | Thomas Honton PPS20-0623 |
| Hester Bryant PPS20-0019 | James Frago PPS20-0038 | Mary Hurley PPS20-0058 |
| Nicholas Bull PPS20-0020 | John Frago PPS20-0039 | Betty Johnson PPS20-0059 |
| Randy Burrow PPS20-0021 | Kenneth Frechette II PPS20-0040 | Edward Johnson PPS20-0060 |
| Gory Burt PPS20-0022 | Andrew Garza PPS20-0041 | James Johnson PPS20-0061 |
| Kyle Carter PPS20-0023 | Paul Glickert PPS20-0620 | Etoya Jones PPS20-0062 |
| Michael Conklin PPS20-0024 | Bradley Gordon PPS20-0042 | Patrick Jones PPS20-0063 |
| Lisa Corbett PPS20-0025 | Thomas Gorgen PPS20-0043 | Thomas Kaltmayer PPS20-0627 |
| Dennis Dahlberg PPS20-0026 | Tom Gorgone PPS20-0044 | Derec Kelley PPS20-0064 |
| Mary Dahlberg PPS20-0027 | Richard Gray PPS20-0045 | Brent Kirkhart PPS20-0065 |
| Bert Daniels JR PPS20-0028 | Charles Gunning PPS20-0046 | Janice Kirkhart PPS20-0066 |

| | | |
|---|---|---|
| Tyler Kirkhart PPS20-0067 | Michael Noble PPS20-0093 | William Steck PPS20-0116 |
| Damon Lester PPS20-0068 | Greg Noll PPS20-0094 | Randy Stone PPS20-0117 |
| Daniel Maglothin PPS20-0069 | Robert O'Sullivan PPS20-0095 | Sonja Stone PPS20-0118 |
| Chad Maier PPS20-0070 | Mike Perry PPS20-0096 | David Taliaferro PPS20-0119 |
| Kenneth Marshall PPS20-0071 | Bob Peters PPS20-0097 | Michael Taylor PPS20-0120 |
| Deborah Martin PPS20-0072 | Devin Pettenger PPS20-0098 | Robert Torrey PPS20-0121 |
| Michael Martin PPS20-0073 | Carrie Pfeifer PPS20-0099 | Lucas Traugott PPS20-0122 |
| Todd Martinson PPS20-0074 | Craig Poese PPS20-0159 | Steve Trueblood PPS20-0123 |
| Timothy McGarity PPS20-0075 | Bill Powell PPS20-0100 | Jonathan Trumpower PPS20-0124 |
| Diane McKay PPS20-0631 | Dee Powell PPS20-0101 | Cory Upchurch PPS20-0637 |
| Casey McKee PPS20-0076 | Samantha Powell PPS20-0102 | Jerromy Vanderwaal PPS20-0660 |
| Michael Meador PPS20-0077 | Kim Presler PPS20-0103 | Douglas Washburn PPS20-0639 |
| Kenny Medlin PPS20-0078 | Marcus Presler PPS20-0104 | Ryan Weekley PPS20-0125 |
| Maria Meier PPS20-0079 | Mark Rauss PPS20-0105 | Misty Wege PPS20-0126 |
| Thomas Melte PPS20-0080 | Terri Richards PPS20-0106 | Andrew Wheeler PPS20-0127 |
| Matthew Millhollin PPS20-0081 | Jorge Rivera PPS20-0107 | Charles Wheeler PPS20-0646 |
| James Mitchell PPS20-0082 | Sammie Robinson PPS20-0108 | Pam King-Wheetley PPS20-0007 |
| Jason Mitchell PPS20-0675 | Richard Roth PPS20-0109 | Roger White PPS20-0641 |
| Alexious Moehring PPS20-0083 | Edna Russell PPS20-0110 | Andrew Wickliffe PPS20-0128 |
| Jonathan Moehring PPS20-0084 | Brenda Schiwitz PPS20-0111 | Norman Wiley PPS20-0129 |
| Jason Moody PPS20-0085 | David Schreier PPS20-0678 | Gregory Willing PPS20-0130 |
| Ronald Moore PPS20-0086 | Michael Siegel PPS20-0214 | Conni Wilson PPS20-0131 |
| Andrew Myers PPS20-0087 | Joe Sherrod PPS20-0112 | Jerry Wilson PPS20-0132 |
| Frederick Myers PPS20-0088 | Andrew Sitzes PPS20-0113 | Debra Woodhouse PPS20-0133 |
| James Myers PPS20-0089 | Laura Skinner PPS20-0114 | Stan Yoder PPS20-0134 |
| Stephanie Myers PPS20-0090 | Thomas Skinner PPS20-0115 | Greg Zotta PPS20-0135 |
| Christopher New PPS20-0091 | Richard Skyles PPS20-0215 | |
| Jeremy Nicholas PPS20-0092 | Chris Stanton PPS20-0216 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

**THE GOSS LAW FIRM, P.C.**

*/s/ Anne M. Marchael*
Anne M. Marchael MO#65405
Peter E. Goss      MO#57933
1501 Westport Road
Kansas City, MO 64111
Phone: (816) 888-5000
Fax:    (816) 336-1310
E-mail: amarchael@thegosslawfirm.com
         pgoss@thegosslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE, MISSOURI**

| | |
|---|---|
| ELIZABETH DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) Division: |
| | ) |
| HOMETOWN STUDIOS, LLC, | ) |
| Serve: 221 Bolivar St. | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: 16-Oct-2020

*(signed)* Teresa M. Orales
DEPUTY COURT ADMINISTRATOR

Electronically Filed - Jackson - Independence - October 16, 2020 - 09:36 AM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
# AT INDEPENDENCE

**ELIZABETH DUNN**,

                **PLAINTIFF(S)**,            **CASE NO. 2016-CV21118**

**VS.**                                                            **DIVISION 17**

**HOMETOWN STUDIOS LLC**,

                **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CORY LEE ATKINS** on **02-FEB-2021** in **DIVISION 17** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.    A trial setting;

      b.    Expert Witness Disclosure Cutoff Date;

      c.    A schedule for the orderly preparation of the case for trial;

      d.    Any issues which require input or action by the Court;

      e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **CORY LEE ATKINS**
CORY LEE ATKINS**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
Anne Marie Marchael, The Goss Law Firm, PC, 1501 Westport Road, Kansas City, MO 64111

Defendant(s):
HOMETOWN STUDIOS LLC

Dated: 16-OCT-2020                MARY A. MARQUEZ
                                  Court Administrator